**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VISKASE COMPANIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| WORLD PAC INTERNATIONAL AG, ) | |
| WORLD PAC INTERNATIONAL USA, and ) | |
| SUN PRODUCTS MARKETING UND ) | **JURY TRIAL DEMANDED** |
| MANUFACTURING AG, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Viskase Companies, Inc. ("Viskase") for its complaint against defendants World Pac International AG, World Pac International USA, Inc., and Sun Products Marketing und Manufacturing AG (collectively "World Pac" or "defendants") alleges as follows.

**NATURE OF ACTION**

1. World Pac has falsely alleged to Viskase's customers and potential customers that Viskase infringes U.S. Patent No. 6,200,613 ("the '613 patent"). In this action, Viskase seeks a declaratory judgment that it does not infringe any valid claim of the '613 patent. Viskase further seeks damages and injunctive relief as a result of defendants' false assertions in connection with the '613 patent and resultant trade disparagement and unfair competition.

**PARTIES**

2. Plaintiff Viskase Companies, Inc. is a Delaware corporation with a principal place of business at 8205 South Cass Avenue, Suite 115, Darien, Illinois 60561.

3. Upon information and belief, defendant World Pac International AG ("World Pac International") is a corporation organized and existing under the laws of Liechtenstein, with its principal place of business at Industriestrasse 8, FL-9486, Schaanwald, Liechtenstein.

4. Upon information and belief, defendant World Pac International USA, Inc. ("World Pac USA") is a corporation organized and existing under the laws of Wisconsin, USA, with its principal place of business at 7900 Durand Ave., Bldg. North, Sturtevant, WI 53177-0742.

5. Upon information and belief, defendant Sun Products Marketing und Manufacturing AG ("Sun Products") is a corporation organized and existing under the laws of Liechtenstein, with its principal place of business at Fohrenweg 20, FL-9496, Balzers, Liechtenstein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the patent claim of this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This Court further has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 on the basis of diversity as between Viskase and the defendants. The matter in controversy, without interest and costs, exceeds the sum of $75,000.

7. Defendants are each subject to personal jurisdiction in this District. On information and belief, World Pac International controls and uses both World Pac USA and Sun Products as its agents in the United States. The web site for World Pac International expressly identifies World Pac USA as its agent in the United States, and World Pac International used World Pac USA in August 2009 as its agent to falsely allege that Viskase

infringes the '613 patent, which is a patent ostensibly owned by Sun Products. Defendants contacts with this District include at least obtaining information pertaining to allegedly infringing Viskase products at a trade show in Chicago, Illinois and subsequently using this information to charge Viskase with infringement of the '613 patent. Additionally, Defendants have purposefully directed their conduct to cause injury to Viskase in this judicial district.

8.  Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS APPLICABLE TO ALL CLAIMS

9.  Food casings ("casings") are used extensively for processing a great variety of meat products and other food items. For food products enclosed in casings, it may be desirable to impart color to the casing and/or color and flavor to the encased food during the cooking process. Casings are generally thin-walled tubing of various diameters prepared from, among other components, reconstituted materials, such as regenerated cellulose. Food processors purchase and use casings to prepare meat products, including sausages, that are eventually sold to retailers and end customers.

10. Viskase is a recognized technology leader in the marketplace for casings. For more than twenty years, Viskase has been continuously manufacturing and selling food casings impregnated with coloring and/or flavoring agents to impart smoke color, odor and flavor to foodstuff encased therein.

11. Viskase competes with World Pac in the casing market. Both Viskase and World Pac make casings impregnated with coloring and/or flavoring agents and sell such casings to food processors.

12.     In a letter dated October 27, 2005, outside counsel for Sun Products informed Viskase of the existence of the '613 patent and that Sun Products owned the '613 patent. This letter also described Sun Products as a wholly owned subsidiary of World Pac International.  Viskase denied infringing the '613 patent on November 10, 2005.

13.     In January 2006, Viskase declined to provide Sun Products, an apparent competitor of Viskase, with requested samples of VISCOAT™ products.  Viskase instead requested that Sun Products provide a fact-based explanation of its prior assertion that Viskase's products infringed the '613 patent.

14.     On January 17, 2006, Sun Products provided a conclusory and incomplete claim chart that purported to compare claims 1 and 10 of the '613 patent against VISCOAT™ casings.  The claim chart expressly admitted that at least one aspect of the accused products was "unknown."  Moreover, Sun Products, through its outside counsel, conceded that "we are unable to determine the exact nature of the 'fibrous layer' in the VISCOAT™ casings."  This admitted lack of information established that Sun Products lacked a good faith basis for charging Viskase with infringement of the '613 patent as of January 17, 2006.

15.     In February 2006, Viskase wrote to Sun Products and again declined to provide samples of its products.  Viskase further reminded Sun Products of its obligation to conduct a proper fact-based infringement analysis before alleging patent infringement.  Viskase's February 2006 letter also informed Sun Products that it had been selling moisture-proof food casings treated to impart color or flavoring to associated food products since at least the late 1980s.

16.     Neither World Pac International nor Sun Products further communicated with Viskase for more than three years.  On July 9, 2009, however, Sun Products' attorney wrote to

Viskase asserting that Viskase's VISCOAT™ line of casing products infringed the '613 patent. This letter again identified Sun Products as the owner of the '613 patent and World Pac International as the sole owner of Sun Products. Sun Products' attorney further stated that Sun Products "has reason to believe that these VISCOAT casings may fall within the scope of one or more of the claims of the '613 patent." The 2009 letter, like the 2006 assertions, did not provide any specific factual bases to support a claim of patent infringement. Viskase promptly responded to this letter on July 22, 2009 and again requested that World Pac provide the factual bases for any claim of infringement of the '613 patent.

17. In early August 2009, rather than directly responding to Viskase, World Pac initiated a campaign of false allegations of infringement against Viskase. World Pac wrote to at least West Liberty Foods, L.L.C. of Des Moines, Iowa ("West Liberty") and Smithfield Foods, Inc. of Smithfield, Virginia ("Smithfield") and alleged that Viskase's VISCOAT™ casings "fall within the scope of one or more claims of U.S. patent 6.200.613." The letter to West Liberty was dated August 3, 2009 and the letter to Smithfield was dated August 4, 2009. Tom Schaefer, self-identified as Director Marketing & Technical Services, World Pac International AG, signed both letters on World Pac International USA, Inc. stationary.

18. Viskase sold VISCOAT™ casings to West Liberty prior to August 3, 2009. In addition, prior to August 4, 2009, Viskase had an expectancy to sell VISCOAT™ casings to Smithfield. Upon information and belief, World Pac was aware of Viskase's expectancies with both West Liberty and Smithfield, which is why World Pac targeted these entities in its campaign of false allegations of patent infringement.

19. World Pac International's letters to West Liberty and Smithfield failed to inform either company that Viskase had previously denied any infringement. These letters

further failed to acknowledge that Viskase has been selling moisture-proof food casings treated to impart color or flavoring to associated food products since at least the late 1980s.

20. World Pac's outside counsel also wrote to Viskase's outside counsel on August 4, 2009. This letter provided the following as the entire basis of the patent infringement assertion:

> In answer to your request, the basis of our assertion is an analysis of a sample of Viskase VISCOAT COLOR MASTER™ casing having a caramel coloring. According to the analysis, the casing was a dry lamination of an outer layer of linear low density polyethylene film (32-34 microns thick), a polyamide intermediate layer (16-17 microns thick), and a cellulose pulp inner layer impregnated with caramel color.

This August 4, 2009 letter, like the January 17, 2006 letter, conspicuously failed to provide any factual basis as to many limitations in the claims of the '613 patent. In order to assert that Viskase infringed the '613 patent, World Pac either failed to conduct a proper analysis of a Viskase VISCOAT COLOR MASTER™ casing or it ignored results that established the absence of infringement.

21. On information and belief, World Pac International recklessly asserted infringement against Viskase's VISCOAT™ products without a good faith basis and without a reasonable investigation. World Pac International, acting through or in concert with World Pac USA and Sun Products, made false statements of infringement to Viskase's customers and prospective customers to the detriment of Viskase and competition, have caused Viskase's customers and prospective customers to express concern to Viskase regarding the infringement assertions, and have otherwise disrupted the business of Viskase.

22. World Pac International, acting through or in concert with World Pac USA and Sun Products, has therefore created false perceptions in the marketplace regarding Viskase

and its commercial offerings.  Upon information and belief, World Pac asserted infringement of the '613 patent to create the false perception in the marketplace that Viskase is using patented technology of World Pac International.

23.    On information and belief, World Pac International did not have a good faith belief that Viskase infringed the '613 patent at the time that it transmitted letters to West Liberty and Smithfield accusing Viskase of infringement.

24.    On information and belief, defendants asserted the '613 patent against Viskase as a plan to drive customers away from Viskase and towards defendants, thereby reducing competition in the process.  Defendants actions, directed against Viskase, exceeded the bounds of legitimate competition.

### FIRST CLAIM FOR RELIEF
(Non-infringement, Invalidity, and Unenforceability of the '613 Patent)

25.    Viskase realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 24 of this Complaint.

26.    According to the assignment records of the United States Patent and Trademark Office, Sun Products is the assignee of the '613 patent.

27.    World Pac International, on World Pac USA stationary and without reference to Sun Products, has asserted to a Viskase customer and potential customer that Viskase's VISCOAT™ products infringe the '613 patent.

28.    An actual controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the '613 patent.

29.    During prosecution of the application that led to '613 patent, Sun Products expressly limited the scope of its patent claims.  As a result, defendants may not assert that

any claim of the '613 patent covers, either literally or under the doctrine of equivalents, any Viskase product.

30.     Viskase has not directly or indirectly infringed the '613 Patent, either literally or under the doctrine of equivalents.

31.     The claims of the '613 patent, particularly if broadly construed to reach Viskase's VISCOAT™ products, are invalid for failure to meet one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

32.     Viskase is entitled to a declaratory judgment that the '613 patent is invalid and that Viskase does not infringe the '613 Patent.

## SECOND CLAIM FOR RELIEF
**(Claim for Violations of the Illinois Deceptive Trade Practices Act 815 ILCS 510/1 *et. seq.*)**

33.     Viskase realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-24 and 26-32 of this Complaint.

34.      As alleged above, in violation of 815 ILCS 510/2, World Pac purposefully and in bad faith disparaged Viskase's goods, services, and business by, including without limitation, knowingly, falsely and misleadingly advising certain third parties, including West Liberty Foods and Smithfield Foods, that the '613 patent covers Viskase's products despite the fact that World Pac was aware that the '613 Patent was not infringed and/or could not be validly asserted against Viskase's VISCOAT™ products.

35.     As alleged above, in violation of 815 ILCS 510/2, World Pac disparaged Viskase's goods, services, and business by, including without limitation, knowingly spreading false and misleading information to these third parties relating to at least Viskase's ability to manufacture and sell VISCOAT™ products in view of World Pac's infringement allegations.

36. Viskase has suffered and will continue suffering damages in an amount to be proved at trial as a direct and proximate result of the actions taken by World Pac including without limitation, the disruption of relationships and expectancies, an increase in the cost of doing business with these third parties, and the loss of goodwill with these third parties.

37. Upon information and belief, World Pac threatens to continue its wrongful actions, and unless restrained and enjoined, will do so.

38. Viskase's remedy at law is not by itself adequate to compensate Viskase for the harm inflicted by World Pac.

**THIRD CLAIM FOR RELIEF**
**(Claim for Common Law Commercial Disparagement)**

39. Viskase realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-24 and 26-32 of this Complaint.

40. Viskase has established a long-standing reputation for quality products and for being a leader in casing technologies.

41. Upon information and belief, World Pac purposefully and in bad faith disparaged Viskase's goods, services, and business by, including without limitation, knowingly, falsely and misleadingly advising certain third parties, including West Liberty and Smithfield, that Viskase's products utilize technology covered by the '613 patent despite the fact that such products did not infringe any valid claim of the '613 patent.

42. Upon information and belief, World Pac disparaged Viskase's goods, services, and business by, including without limitation, knowingly spreading false and misleading information to these third parties relating to at least Viskase's ability to manufacture and sell products in view of World Pac's infringement allegations.

43.     Upon information and belief, World Pac purposefully and in bad faith disparaged Viskase's goods, services, and business in a large number of states including without limitation, Illinois, Iowa and Virginia.

44.     Viskase has suffered and will continue suffering damages in an amount to be proved at trial as a direct and proximate result of the actions taken by World Pac including without limitation, the disruption of relationships and expectancies, an increase in the cost of doing business with these third parties, and the loss of goodwill with these third parties.

45.     Upon information and belief, World Pac threatens to continue its wrongful actions, and unless restrained and enjoined, will do so.

46.     Viskase's remedy at law is not by itself adequate to compensate Viskase for the harm inflicted by World Pac.

### **FOURTH CLAIM FOR RELIEF**
(Unfair Competition)

47.     Viskase realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-24 and 26-32 of this Complaint.

48.     The above described acts and practices of defendants constitute wrongful acts and unfair competition under the statutes, including 815 ILCS 505/2, and common law of Illinois and numerous other states.

49.     As a result of defendants' acts of unfair competition, Viskase has been damaged in an amount not yet determined but will be established at trial.

50.     Viskase will continue to sustain injury and damages as a result of this unfair competition unless defendants are enjoined from continuing their unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Viskase requests this Court to enter judgment against defendants as follows:

A.  Declare that Viskase does not infringe any valid claim of the '613 Patent;

B.  Declare this action to be an exceptional case under 35 U.S.C. § 285;

C.  Award damages according to proof for the wrongs alleged herein;

D.  Enter preliminary and permanent injunctive relief restraining defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from asserting that Viskase, their customers, dealers, buyers, or subsidiary corporations have infringed or will infringe the claims of the '613 patent based on any activity related to any Viskase product or service;

E.  Enter preliminary and permanent injunctive relief restraining defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from making false and misleading statements regarding Viskase's VISCOAT™ casings, as described herein;

F.  Award Viskase its costs and reasonable attorney fees incurred in connection with this action; and

G.  Award Viskase such other and further relief as justice and equity may require.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Viskase respectfully demands a trial by jury on all issues so triable.

Date:   August 14, 2009                          LEYDIG, VOIT & MAYER, LTD.


_/s/ Nancy J. Gettel_____
John W. Kozak (IL #1519670)
David M. Airan (IL #6215687)
Nancy J. Gettel (IL #6282946)
Two Prudential Plaza
Suite 4900
Chicago, Illinois  60601-6780
(312) 616-5600 (tel)
(312) 616-5700 (fax)

Attorneys for Viskase Companies, Inc.