**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VISKASE COMPANIES, INC., Plaintiff, v. WORLD PAC INTERNATIONAL AG, WORLD PAC INTERNATIONAL USA, and SUN PRODUCTS MARKETING UND MANUFACTURING AG, Defendants. | ) | Civil Action No. 09-CV-05022 JUDGE ELAINE BUCKLO |
| WORLD PAC INTERNATIONAL USA, Counterclaim Plaintiff, v. VISKASE COMPANIES, INC., Counterclaim Defendant. | ) | |

**VISKASE COMPANIES, INC.'S POST-HEARING BRIEF**

The Court conducted a four day hearing on World Pac's motion for a preliminary injunction. The parties presented eight live witnesses, introduced multiple deposition transcripts, and submitted relevant prior art, reports, emails and other documents. The evidence adduced at the hearing established that World Pac does not have a likelihood of success on its claim of infringement of United States Patent 6,200,613 ("the '613 patent").

With respect to infringement, World Pac failed to prove that the accused products meet two different elements of claim 1 of the '613 patent under the Court's construction. Regarding the first element, "impermeable," World Pac and its experts did no testing and presented no evidence that the Viscoat casing prevents a loss of "taste" and "flavor" before and after

processing.[1] (ECF 122 at 10.) World Pac similarly failed to present any evidence that the accused products impart color or flavor "when" the casing encloses the foodstuff. (ECF 122 at 22.) The plain language of the claim and the prosecution history of the '613 patent require that impartation occurs "to the foodstuff when it is later filled into the casing."[2] (PHX 21 at WP 121.) Even if World Pac believed that the Court's construction was "nonsense," it did not seek reconsideration as to this term. (P.I. Hr. Tr., Day 2 at 403:2-14.) Viskase further demonstrated that the claims of the '613 patent are vulnerable to the extent they could be construed to reach the Viskase product. Dr. Reitman, Viskase's expert, explained how every element of the asserted claims is present in at least two different prior art references. Even World Pac's expert, Dr. Gilbert, agreed that every element is found in the prior art, allowing one of ordinary skill to make a simple substitution of materials to invalidate the claims.

World Pac's post-hearing brief (ECF 180) ignores the merits and concentrates instead on alleged irreparable harm. It attempts to improperly supplement the record by introducing two new declarations relating to World Pac's sales. World Pac submitted this evidence despite blocking Viskase from obtaining discovery as to these issues. The Court should give these declarations zero weight. In any event, the evidence establishes that money is an adequate remedy. The Court has set a very aggressive trial schedule and World Pac cannot point to the imminent loss of any business or any other harm.

---

[1] World Pac's infringement arguments based on the Doctrine of Equivalents are improper for a number of reasons including prosecution history estoppel. It is clear, in any event, that World Pac has presented no particularized evidence and linking argument in support of its claims. *PC Connector Solutions LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005). Thus, this Court should disregard World Pac's unsupported and untimely theory.

[2] This requirement is also consistent with the prior art. (PHX 77 at WP 363, "cook-in is not required to effect transfer.")

## I. ANY HARM ALLEGEDLY CAUSED BY THE VISCOAT PRODUCT CAN BE ADEQUATELY COMPENSATED BY MONETARY DAMAGES

Absent special or unique circumstances, monetary damages are adequate in the context of a preliminary injunction. *See King Pharmaceuticals, Inc. v. Sandoz, Inc.*, 2010 WL 1957640, *5 (D.N.J. 2010) (money damages adequate even if "extremely difficult to estimate" and "courts have routinely decided that market share and price erosion do not amount to irreparable harm."). World Pac has not met its burden to prove that monetary damages are inadequate. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-94 (2006).

World Pac unsuccessfully attempts to distinguish *Automated Merch. Sys., Inc. v. Crane Co.*, 375 Fed. Appx. 297 (Fed. Cir. 2009), raised by the Court during the preliminary injunction hearing. World Pac lost sales to only one of its customers for the REDACTED REDACTED similar to the single distributor lost by Automated Merchandising. World Pac also claims Viskase has made sales to a second supplier of the REDACTED but net sales to date have been minor, amounting to less than REDACTED dollars. (ECF 180 at Ex. A.) Regardless, "lost sales standing alone are insufficient to prove irreparable harm; if they were, irreparable harm would be found in every case involving a manufacturer/patentee, regardless of circumstances." *Automated Merch.*, 375 Fed. Appx. at 300-1 (internal citations omitted).

World Pac also makes broad, unsupported claims of loss of market share, price erosion, and damage to its reputation. These vague assertions do not support the remedy sought by World Pac. *Id.* at 301 (speculative loss of market share is insufficient); *see also Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991) ("[N]either the difficulty in calculating losses in market share, *nor speculation that such losses might occur*, amount to proof of special circumstances justifying the extraordinary relief of an injunction prior to trial.") (emphasis added). With respect to market share, World Pac has lost only one customer for the REDACTED

REDACTED As to this customer, World Pac recently acquired business for a REDACTED product. (PHX049 at WP18075.) World Pac continues to sell to all of its remaining customers, whereas Viskase's 2010 sales of the Viscoat product to all customers other than REDACTED (ECF 180 at Ex. A.) World Pac further has been promised a significant amount of business from REDACTED which alone shows that it is capable of competing in the marketplace and undercuts its claim that monetary damages are insufficient.

World Pac introduced no evidence at the hearing relating to price erosion or alleged loss of goodwill. *Automated Merch.*, 375 Fed. Appx. at 301. The Court should therefore disregard post-hearing arguments relating to such topics. Multiple recent cases confirm that even with *actual evidence* of such harms, monetary damages are sufficient. *See MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, __ F. Supp. 2d __, 2010 WL 2244123 (W.D. Va. 2010) (evidence of price erosion, lost goodwill and reputation insufficient for irreparable harm); *Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, __ F. Supp. 2d __, 2010 WL 1292476 (E.D. Pa. 2010) (lost market share and upset customer relationships not enough for irreparable harm). World Pac has failed to demonstrate any likelihood that lost market share, goodwill, or price erosion will occur; nor has it satisfied its burden to show that any alleged harms cannot be compensated with money damages. *Atlanta Pharma v. Teva*, 532 F. Supp. 2d 666, 683-84 (D. N.J. 2007).

The evidence introduced at the hearing further establishes that Viskase's activities had less to do with REDACTED decision to replace World Pac as a supplier than World Pac's own misbehavior. An email from REDACTED dentifies World Pac's theft of REDACTED confidential information in May of 2009 as prompting REDACTED to switch to the Viscoat product. (PHX011 at WP622.) World Pac claims the switch was due to REDACTED perceived quality

control problems with the World Pac product. Either way, World Pac's own behavior resulted in its loss of the REDACTED business at REDACTED World Pac also conveniently ignores that fact that it has a number of competitors other than Viskase. It lost REDACTED dollars worth of business to Kalle's non-infringing ProTex product (PHX033, Hiebing Dep. Tr. 102:3-24) and there is no assurance that World Pac would have retained the REDACTED business even if Viskase was not in the marketplace.

World Pac's post-hearing brief offers nothing but speculation as to price erosion, loss of market share and revenue, or damage to its reputation due to the Viscoat product. This is insufficient to justify the drastic and extraordinary relief of a preliminary injunction.

## II. WORLD PAC'S NEW DECLARATION AND SALES DATA SHOULD NOT BE CONSIDERED

The new sales data and declaration of Susanne Vaughn submitted with World Pac's brief should not be considered by this Court when evaluating World Pac's preliminary injunction motion. Viskase's very first document request, served on January 7, 2010, sought "[a]ll documents and things upon which Defendants may rely in support of its motion for a preliminary injunction," but World Pac did not produce its sales information until after the start of the preliminary injunction hearing. (Ex. B.) As a result, Viskase was deprived of the opportunity to depose World Pac concerning this material, and by agreement of the parties, discovery does not re-open until June 25.[3] Nevertheless, World Pac elected to file its post-hearing brief, submitting along with it two new declarations and new sales data. World Pac now claims that the sales information it produced at the hearing was somehow incorrect because it did not account for mysterious "discounts," which significantly reduce World Pac's yearly sales numbers. (ECF 180

[3] The parties have agreed to defer the re-opening of discovery until June 25 REDACTED REDACTED

at Ex. B.) Ms. Vaughn could have addressed these matters when she testified at the hearing, but did not do so.

World Pac's late document production and declaration are improper and highly prejudicial to Viskase. During and even after the close of discovery, World Pac has added new arguments (e.g., doctrine of equivalents, secondary considerations of obviousness, sales data, etc.) and produced documents at the eleventh hour. World Pac pressed the Court to move forward with a preliminary injunction hearing, despite the fact that it was clearly ill-prepared to do so. World Pac's continuously shifting positions force Viskase to respond to a moving target without any opportunity for proper discovery. The Court should disregard World Pac's new declaration and data as untimely for purposes of its preliminary injunction motion.

## III. WORLD PAC HAS A LEGITIMATE EXPECTATION OF SIGNIFICANT SALES AT REDACTED

REDACTED has informed World Pac that it will supply several times the business lost at REDACTED This fact was established at the hearing by a Viskase employee, David Strenk, and not disputed by World Pac. (P.I. Hr. Tr., Day 3 at 114:22-117:11.) Instead, World Pac's General Manager, Susanne Vaughn, testified that she could not recall what World Pac knew about the topic. (P.I. Hr. Tr., Day 3 at 96:21-98:19.) World Pac now cites to a post-hearing declaration of Mr. Hiebing. What the Hiebing declaration doesn't say is far more informative than what it does say.

Mr. Hiebing states that numerous companies have submitted bids for the project and REDACTED has not yet announced when it will award the contract. (ECF 180 at Ex. C, ¶ 3 and 7.) Tellingly, Mr. Hiebing did not deny Mr. Strenk's testimony regarding REDACTED Instead, he merely asserts that a contract has not been executed. His declaration artfully skirts the question of what REDACTED has told World Pac about its intentions. World Pac also did not allow Viskase

to examine Mr. Hiebing on these topics – it instructed him not to answer questions regarding REDACTED during a deposition that occurred while the preliminary injunction hearing was still ongoing. (Ex. A, Hiebing Dep. Tr. at 12:7-15:11.) The new REDACTED facility is expected to become operational in February 2011, which is only six months away. Based on present information, World Pac would likely start selling at least as early as December of 2010 in order to supply the plant for start-up. This Court should not accept an incomplete and misleading declaration from Mr. Hiebing.

## IV. WORLD PAC HAD ACTUAL AND CONSTRUCTIVE KNOWLEDGE OF VISKASE'S MULTI-YEAR PROMOTION OF VISCOAT

During the hearing, World Pac submitted a bench memorandum in an effort excuse its complete failure to seek timely relief. World Pac provides two primary reasons for its lack of diligence. First, it claims that it was unable to identify the layers of construction of the Viscoat product based on Viskase's advertising materials and display samples. Second, World pac alleges that Viskase's refusal to provide World Pac with a sample justified its lack of effort to obtain one from another source. Neither excuse justifies a four year delay.

World Pac had what it believed was a "legally sufficient claim" back in 2005, when it initially accused Viskase of infringing the '613 patent. In early 2006, World Pac's attorney sent Viskase a claim chart illustrating how the Viscoat product met each element of claim 1, except for the "selected from the group consisting of...fleece" phrase. (PHX030 at VCI14043-48.) It demanded a sample from Viskase, but Viskase had no such obligation and elected not to do so. After its request was turned down, World Pac could have filed a patent infringement lawsuit to obtain discovery. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1363-65 (Fed. Cir. 2000).

Rather than taking immediate action to protect its business, World Pac did nothing to pursue the matter further. It made only one request for a sample to a customer in 2007, but failed to follow-up. In 2009, upon making a second request, World Pac obtained a sample right away. Despite the incident in 2005, World Pac's employees didn't bother to investigate Viskase's booth at various trade shows in 2007, and chose to ignore Viskase's 2007 sales activity at three World Pac customers: REDACTED Viscoat brochures were available on Viskase's website by July 2008, yet World Pac continued to do nothing.[4]

World Pac alleges that Viskase's activities were not "open and notorious." This argument ignores that Viskase promoted its product at the industry-wide trade show in 2007. It used the same kiosk to promote Viscoat that it used at the 2005 show. World Pac spent REDACTED to attend this show and identified Viskase as a primary competitor. World Pac simply had to stroll by Viskase's booth to learn that it was promoting the same product in the same kiosk two years after World Pac initiated its first cease and desist letter.

"The availability of delay based on constructive knowledge of the alleged infringer's activities imposes on patentees the duty to police their rights." *Wanlass v. General Electric Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998). World Pac failed to take advantage of numerous opportunities to discharge its duty. *See Electromotive Div. of Gen. Motors Corp. v. Trans. Sys. Div. of Gen. Elec. Co.*, 275 F. Supp. 2d 850, 860-862 (E.D. Mich. 2003) (patentee denied preliminary injunction based in part on lack of showing of irreparable harm due to failure to "aggressively protect its patents against competitors."). Viskase's wide-spread, public promotion of the Viscoat products for years easily meets the "pervasive, open and notorious"

[4] Although Viskase's 2007 brochures and 2008 website materials do not specifically identify the inner layer of the Viscoat product as "absorbent," the materials state that the casings were treated to impart smoke and color to foodstuffs, indicating to anyone familiar with such products that the inner layer must be absorbent in order to hold and facilitate the transfer flavor or color.

standard set forth in *Wanlass*. 148 F.3d at 1338. World Pac simply chose to ignore the Viscoat products until 2009. This Court should not accept World Pac's excuses for its multi-year delay.

## V. CONCLUSION

World Pac has failed to establish any of the four elements required to obtain the extraordinary relief of a preliminary injunction. "[A] movant cannot be granted a preliminary injunction unless it establishes ***both*** of the first two factors, i.e., likelihood of success on the merits and irreparable harm." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (internal citation omitted, emphasis in original). In this action, World Pac has established neither. For the foregoing reasons, Viskase respectfully requests that the Court disregard the new declarations that accompanied World Pac's post-hearing brief, and deny World Pac's motion for preliminary injunction.

Respectfully submitted,

Date: June 21, 2010

LEYDIG, VOIT & MAYER, LTD.

/s/ Nancy J. Gettel
John W. Kozak (IL #1519670)
David M. Airan (IL #6215687)
Nancy J. Gettel (IL #6282946)
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780
(312) 616-5600 (tel)
(312) 616-5700 (fax)

Attorneys for Viskase Companies, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing VISKASE COMPANIES, INC.'S POST-HEARING BRIEF was served this 21th day of June, 2010 upon the following counsel for defendant via the CM/ECF system:

John D. Simmons, Esq.
PANITCH SCHWARZE BELISARIO & NADEL LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103-7013
(215) 965-1330 (tel)
(215) 965-1331 (fax)
jsimmons@panitchlaw.com
smurray@panitchlaw.com

Jacqueline A. Criswell, Esq.
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000 (tel)
(312) 627-1717 (fax)

By: /s/ Nancy J. Gettel
John W. Kozak (IL #1519670)
David M. Airan (IL #6215687)
Nancy J. Gettel (IL #6282946)
LEYDIG, VOIT & MAYER LTD.
Two Prudential Plaza
Suite 4900
Chicago, Illinois 60601-6780
(312) 616-5600 (tel)
(312) 616-5700 (fax)