# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5022 | **DATE** | 9/9/2010 |
| **CASE TITLE** | Viskase vs. World Pac, et al. | | |

**DOCKET ENTRY TEXT**

Nonparty Kalle USA's motion (206) for protective order and to quash subpoena is granted.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

Nonparty Kalle USA's motion for protective order and to quash subpoena is granted. Kalle has sufficiently shown that at least most of the discovery sought is unlikely to be relevant to any claim or defense of Viskase in this action. The information sought does not appear to impact validity because the requests seek documents that post-date the filing of the patent in suit. Furthermore, Viskase has not demonstrated good cause that would outweigh the substantial burden on nonparty Kalle. First, Kalle is a competitor, and a protective order would be insufficient to protect Kalle against disclosure in the context of a public jury trial of information provided to the parties in this case. Second, the cost of complying with the requests, which cover many years and which would require extensive preparation of a Rule 30(b)(6), would be great. While Viskase argues that information about sales and profits on an allegedly acceptable non-infringing product made by Kalle is relevant to the issue of damages, the case it cites, *Fiskars, Inc. v. Hunt Mfg. Co.,* 279 F.3d 1378 (Fed. Cir. 2002), said nothing about, and in no way substantiates, Viskase's claim that a nonparty competitor should be required to produce such highly competitive, and if not publicly available, confidential information in a suit in which it is not a party. Indeed, the Federal Circuit has agreed that a nonparty such as Kalle should not be required to produce this information. *Micro Motion Inc. v. Kane Steel Co. Inc.,* 894 F.2d 1318 (Fed. Cir. 1990)