Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5022 | **DATE** | 10/15/2010 |
| **CASE TITLE** | Viskase vs. World Pac, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to reconsider is granted. Defendants' further motion to compel trial counsel to produce various documents and testimony is granted in part.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

   Defendants' motion to reconsider is granted.  Plaintiff shall produce the "Merritt Memo."  It is within the subject matter of counsel's legal opinions on the patent in suit. Information from it appears to have been provided to opinion counsel but even if not, was clearly within the information Viskase considered in determining its course of action.  *In re Seagate Tech.,* 497 F.3d 1360 (Fed. Cir. 2007), does not provide protection for the nondisclosure of the memo. Defendants' further motion to compel trial counsel to produce various documents and testimony is granted in part.  It is difficult to evaluate Kozak's communications because he acted as litigation (and much later trial) counsel but also was the principal conduit to the two persons in his firm who prepared the opinion letters.  However, his opinion appears to have been sought in connection with the opinion letters, as documented by e-mails from Caryn Borg-Breen and Kozak himself.  Viskase may argue that the comments and emails concerned a letter that was about to be sent to defendants but the preparation of the opinion letters and letter to defendants occurred nearly simultaneously.  It is reasonable to assume that communications from Kozak with Borg-Breen and Jeffrey Burgen at that time  played a role in their opinions.  Accordingly, all of those communications that have been produced for in camera review (and related oral communications) are subject to discovery.  Following these communications, there apparently were no further communications between Viskase and Kozak for several years.  When defendants renewed their complaint about Viskase in 2009, Viskase brought the present suit.  Although Kozak then became trial counsel, I think there is a natural dividing line concerning the 2005-06 communications and preparation of opinions and this litigation.  Furthermore, *Seagate* does provide protection against post-filing conduct where a preliminary injunction has been denied.  Therefore, I conclude that no post-filing communications  are subject to disclosure.   Neither must Viskase, or its attorneys, disclose communications or work product after 2006 (in the materials produced to me for review, this would exclude from the requirement of production documents beginning with tab 70 (assuming there is not contained in them communications from 2006).  If I am incorrect in assuming that the issue of infringement or validity of the patent in suit lay dormant from sometime in 2006 until defendants' letter to Viskase in 2009, I may revisit this order.