# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5022 | **DATE** | 5/23/2011 |
| **CASE TITLE** | Viskase vs. World Pac, et al. | | |

**DOCKET ENTRY TEXT**

Viskase's motion for an order to show cause for post-judgment violation of protective order is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Viskase's motion for an order to show cause for post-judgment violation of protective order is denied. Viskase asserts that World Pac violated the "prosecution ban" in the protective order by having William Schwarze - the attorney who prosecuted the '613 patent - file a request for reexamination of the patent claims. Viskase seeks one of two equally draconian remedies: either 1) an order barring World Pac from prosecuting its request for reexamination, or 2) if World Pac pursues the reexamination, an order enjoining World Pac from asserting against Viskase any claims that may issue as a result.

Viskase has not presented any evidence that Schwarze actually accessed any Viskase highly confidential information. Instead, Viskase makes a mountain out of one snippet of testimony--Mr. Schwarze's answer "yes" to a deposition question asking whether he had provided "input into World Pac's litigation strategy in this case." On this slim reed, along with Schwarze's "status as a partner in the firm that served as World Pac's litigation counsel," and the assertion that "there is no indication that [Schwarze] was screened from the case or his access to Viskase's confidential information in any way restricted," Viskase's motion argues, essentially, that Schwarze must have had access to Viskase confidential information.

In response, World Pac affirmatively asserts that Schwarze had no access to Viskase confidential materials, and that indeed Schwarze's firm intentionally restricted him from such access.[1] Schwarze himself filed a

| STATEMENT |
|---|

declaration stating that he has not seen any Viskase confidential materials and has been precluded by his firm from doing so.  World Pac included as an exhibit to Mr. Schwarze's declaration an email among World Pac's litigation counsel dated November 25, 2009 (i.e., prior to Viskase's discovery disclosure of any highly confidential documents), indicating that Mr. Schwarze "will be subject to the limitation on highly confidential materials in the P.O. since he prosecuted the patents and would likely prosecute/defend any reexam... ."  World Pac also argues that the only "highly confidential" information as to whose use in the reexamination Viskase claims prejudice relates to the "structure and properties of Viscoat," and that information about that was available to Mr. Schwarze from sources other than the discovery materials Viskase produced subject to the protective order, including information presented in open court.

In reply, Viskase thus changes tack, asserting a strained, rather hair splitting argument that it does not matter whether Mr. Schwarze actually saw any Viskase highly confidential materials, it matters only that he "had access" to them (i.e., that he *could have* seen them).  Viskase draws a distinction between "having access to" and actually "accessing" confidential information and takes the position that the protective order in this case prohibits anyone who "has access to" highly confidential information from prosecuting a reexamination.  I disagree with that reading of the protective order, since it would be far broader than necessary to protect the parties' interest in maintaining the confidentiality of their sensitive material.

Viskase goes on to argue that even if I disagree with their interpretation of the protective order, I should permit Viskase to conduct discovery on the issue.  On the facts Viskase has presented, however, I am not persuaded that such discovery would be anything more than a fishing expedition.

[0] I take this opportunity to admonish World Pac--now for the third time--that all memoranda are to be electronically filed in *searchable pdf format*, not as scanned documents.  Any memoranda not so filed will no longer be considered.  Moreover, exhibits must be filed as separate docket entries, attached to the motions or memoranda to which they relate, i.e., in this instance, as DN 479-1, 479-2, etc.